Case 4:24-cv-01370 Document 9 Filed on 05/22/24 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCO PALOMINO and SOL A. PALACIO, | § § § |
| Plaintiffs, | § § |
| v. | § CIVIL ACTION NO. H-24-1370 |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Marco Palomino and Sol A. Palacio ("Plaintiffs"), bring this action against Defendant, Allstate Vehicle and Property Insurance Company ("Defendant") for various state law claims arising from Defendant's failure to pay a claim for storm damage to Plaintiff's property at 13835 Peach Hollow Lane, Houston, Texas.[1] Pending before the court is Plaintiffs' Motion to Compel Appraisal and Abatement (Docket Entry No. 3), in which Plaintiffs inter alia seek attorney's fees. Also pending is Defendant's Response in Opposition to Plaintiffs' Motion to Compel Appraisal and Abatement ("Defendant's Response in Opposition") (Docket Entry No. 6). For the reasons stated below, Plaintiffs' Motion to Compel Appraisal and Abatement will be granted, but Plaintiff's request for attorney's fees will be denied.

---

[1] See Plaintiffs' Original Petition, Docket Entry No. 1-1, pp. 7-49.

1

## I. Factual and Procedural Background

### A. Factual Background

Plaintiffs allege that they own the property located at 13835 Peach Hollow Lane, Houston, Texas ("the Property"), that Defendant sold them an insurance policy for the Property (Policy Number 844969483), and that on March 21, 2022, they suffered a significant loss to the Property due to wind and hail. Plaintiffs allege that they submitted a claim to Defendant for their loss, to which Defendant assigned Claim Number 0691500599, but that Defendant failed to properly adjust their claim and improperly denied it. By letter to Plaintiff's counsel dated December 20, 2022, Defendant explained the reasons for the denial as follows:

> We have carefully reviewed the information about your loss that was reported to us, as well as the policy provisions that apply to this claim. Based on this review, we are unable to provide coverage for your property. Our investigation revealed no sudden and accidental storm related damage to the roof surface. Wear and tear, granular loss and thermal cracking from age and exposure of the elements over time [sic]. There was rot and deterioration noted to the patio floor and ceiling. This is not sudden and accidental storm damage and is not covered under the policy provisions. Rot and deterioration was noted on the exterior painted surfaces of the home. This is not covered under the policy provisions. Please refer to Section I — Your Property, paragraph Losses We Cover Under Coverages A, B and C; Losses We Do Not Cover Under Coverages A, B and C of your House and Home Policy AVP91 policy . . .[2]

---

[2] December 20, 2022, Letter from Allstate to Dick Law Firm, Exhibit 1 to Defendant's Response in Opposition, Docket Entry No. 6-1, p. 2.

**B.   Procedural Background**

On March 11, 2024, Plaintiffs sued Defendant in state court, alleging claims for violation of the Texas Insurance Code, Deceptive Trade Practices Act, the common law duty of good faith and fair dealing, breach of contract, fraud, and civil conspiracy.[3] On April 16, 2024, Defendant removed the action to this court asserting diversity jurisdiction.[4] On April 23, 2024, Plaintiffs filed the pending Motion to Compel Appraisal and Abatement. On May 3, 2024, Plaintiffs filed an Amended Complaint (Docket Entry No. 5), in which they restated the claims alleged in their state court petition. On May 7, 2024, Defendant filed its Response in Opposition to Plaintiffs' Motion to Compel Appraisal and Abatement.

## II. Analysis

Asserting that their policy provides for appraisal as a means of determining the amount of loss when the parties are unable to agree to the amount of loss, and that they timely invoked the appraisal clause of the policy, but that Defendant refuses to participate in the appraisal process, Plaintiffs seek an order compelling Defendant to participate in the appraisal process and abating these proceedings until the appraisal is completed.[5]

---

[3] See Plaintiff's Original Petition, Exhibit 2 included in Index of Documents attached to Defendant's Notice of Removal, Docket Entry No. 1-1, pp. 6-49.

[4] Notice of Removal, Docket Entry No. 1.

[5] Plaintiff's Motion to Compel Appraisal and Abatement, Docket Entry No. 3, p. 1 ¶¶ 2-5.

Asserting that instead of participating in the appraisal process as required by the policy, Defendant filed frivolous objections that have wasted the parties' and the court's time and resources, Plaintiffs ask the court to award them reasonable attorney's fees and costs incurred preparing and arguing their motion.[6]

Defendant does not dispute that Plaintiffs' policy provides for appraisal, or that Plaintiffs' timely invoked the appraisal clause of the policy. Instead, citing State Farm Lloyds v. Johnson, 290 S.W.3d 886, 888 (Tex. 2009), for stating that "[t]he scope of appraisal is damages, not liability," and Geovera Specialty Insurance Co. v. Walker, No. H-20-1361, 2021 WL 5351721 (S.D. Tex. August 9, 2021), for stating that appraisal is not appropriate for disputes about coverage, Defendant argues that the court should deny Plaintiff's motion because "the dispute in this matter is not about the scope of loss but, rather coverage."[7] As evidence that this case involves a dispute over coverage not the amount or scope of loss, Defendant cites the December 20, 2022, letter to Plaintiff's counsel stating that following an inspection of Plaintiffs' property, Plaintiffs' "claim was denied in part for rot, wear and tear, and the lack of sudden and accidental storm damage,"[8] i.e., the damage for which Plaintiffs filed a claim was not caused by a covered peril.

---

[6] Id. at 11-12 ¶ 37.

[7] Defendant's Response in Opposition, Docket Entry No. 6, p. 6 ¶ 4.

[8] Id. at 1 ¶ 1.

**A.     Plaintiffs Are Entitled to An Appraisal**

Defendant's reliance on Johnson and Walker as a basis for denying Plaintiffs' Motion to Compel Appraisal and Abatement is misplaced because neither court held that an insurer who denied coverage could avoid the appraisal process. In Johnson the insured filed a claim alleging hail damage to her roof. Following inspection of the roof, the insurer concluded that only some of the shingles had been damaged by hail and needed to be replaced. The insured hired an independent inspector, who concluded that the entire roof needed to be replaced. When the insured invoked her policy's appraisal process, the insurer refused to participate arguing that their dispute was over causation, which was a dispute over coverage, not over the amount of loss. The insured sought declaratory judgment compelling appraisal and the parties filed cross-motions for summary judgment. The trial court granted the insurer's motion, finding that the dispute was, in fact, a coverage dispute that made the appraisal process inapplicable. The Texas Court of Appeals reversed, stating that because the parties agreed that covered property sustained damage from a covered peril but failed to agree on the amount of loss, the appraisal process applied. See Johnson v. State Farm Lloyds, 204 S.W.3d 897 (Tex. App. – Dallas 2006), aff'd, 290 S.W.3d 886 (Tex. 2009).

The Texas Supreme Court began its analysis by reviewing the history of insurance appraisal clauses, recognizing the well-

5

established principle that the scope of appraisal is damages, not liability. Johnson, 290 S.W.3d at 888-89. Acknowledging that Texas courts were split on whether appraisers could decide causation issues, id. at 890 & n. 24,[9] the court observed that "the record here does not establish as a matter of law either that this dispute is about causation or that it is beyond the scope of appraisal." Id. at 890-91. Stating that "[t]he trial court could not conclude this was a causation dispute just because [the insurer] claimed it was," id. at 891, the court emphasized the importance of avoiding judicial involvement pre-appraisal. The court observed that it had "never resolved a dispute about the scope of appraisal, or the meaning of 'amount of loss,'" id. at 889, and that "[a]llowing litigation about the scope of appraisal before the appraisal takes place would mark a dramatic change in Texas insurance practice." Id. at 894. The court also observed that where, as here, "an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong," id., that "[l]itigating the scope of appraisal is wasteful and unnecessary if the appraisal itself can settle [a]

---

[9]Citing e.g., Lundstrom v. United Services Automobile Association, 192 S.W.3d 78, 89 (Tex. App. — Houston [14th Dist.] 2006, pet. denied) (rejecting claim that consideration of causation bars appraisal); and Germania Farm Mutual Insurance Association v. Williams, No. 11-00-00393-CV, 2002 WL 32341841, at *3-4 (Tex. App.— Eastland May 23, 2002, no pet.) (holding that appraisers cannot consider causation).

6

controversy," id. at 895, and that "even if an appraisal award is flawed, that can be easily remedied by disregarding it later." Id. Concluding that unless the "amount of loss" would never be in issue "appraisals should . . . go forward without preemptive intervention by the courts," the court held that the insurer was required to participate in the appraisal process, and that any causation issues could be resolved after the appraisal process was complete. Id.

    In Walker the insured filed two claims, one for storm damage to his roof and one for property theft that occurred about a month after the alleged storm damage. As here, the insured filed suit alleging that the insurer failed to adequately investigate his storm damage claim and improperly denied his theft claim, and moved to compel appraisal and abatement. The insurer moved to strike the insured's expert designations and for summary judgment. 2021 WL 5351721, at *1. In considering the insured's motion to compel appraisal and abatement, the court denied the motion as to the storm-based claim as moot because (1) that claim was in the process of appraisal, and (2) the court granted the insurer's motion for summary judgment based on evaluation of evidence submitted by both parties. Id. at *5. The court denied the motion as to the theft-based claim upon finding that the dispute was "not about the amount of loss, but rather whether the allegedly stolen items were located on the [p]roperty on the alleged date of loss." Id.

In this case, it is undisputed that the Plaintiffs' property is damaged. Defendant denied coverage asserting that the damage to Plaintiffs' property was not caused by a covered peril, i.e., wind and hail but, instead, by non-covered perils, i.e., wear and tear, rot and deterioration. But as the Texas Supreme Court stated in Johnson, "the record here does not establish as a matter of law either that this dispute is about causation or that it is beyond the scope of appraisal," 290 S.W.3d at 890-91, and "on this record, the . . . court [can]not conclude this [is] a causation dispute just because [the insurer] claim[s] it [is]." Id. at 891. Moreover, nothing in the record indicates that coverage is so unlikely that appraisal will never be needed. Id. at 895.

The court therefore concludes that appraisal is warranted to determine the amount of loss, despite the current dispute over causation and coverage. See, e.g., Duncan v. GeoVera Specialty Ins. Co., 2021 WL 2376609, at *2-3 (S.D. Tex. June 10, 2021) (rejecting insurer's request to deny appraisal because of questions regarding causation); In re Southern Insurance Co., No. 09-00022-CV, 2011 WL 846205, at *2 (Tex. App. — Beaumont March 10, 2011, no pet.) (rejecting insurer's request to deny appraisal based on insurer's determination that damage to the property was not a covered loss); Molzan, Inc. v. United Fire & Casualty Co., 2009 WL 2215092, at *4 (S.D. Tex. July 23, 2009) ("As in Johnson, the insure[r] cannot avoid appraisal at this point merely because there could be a causation question outside the appraisal's scope.").

**B.    This Action Will Be Abated Until the Appraisal is Complete**

Plaintiffs move the court to abate these proceedings until the appraisal process concludes. Because "[a]ppraisal is intended to take place before suit is filed" and is treated as a "condition precedent to suit," Johnson, 290 S.W.3d at 894, and because this action is in its early stages, the court concludes that Plaintiffs' motion to abate pending appraisal should be granted. See Molzan, 2009 WL 2215092, at *4-5 (granting insured's motion to compel appraisal and abate upon rejecting insurer's argument that coverage issues precluded appraisal).

**C.    Plaintiffs Are Not Entitled to Attorney's Fees**

Plaintiffs request an award of reasonable attorney's fees and costs incurred for compelling appraisal and abatement, but cite no legal basis for their request. "Attorney's fees may not be recovered unless provided for by statute or by contract between the parties." Dallas Central Appraisal District v. Seven Investment Co., 835 S.W.2d 75, 77 (Tex. 1992). Plaintiffs have not cited any provision of the policy stating that attorney's fees are recoverable when a party successfully compels appraisal. Texas law permits a party who prevails on a breach of contract claim to recover reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.001. Such fees are not available, however, unless the party also recovers actual damages. See Mustang Pipeline Co., Inc. v.

9

Driver Pipeline Co., Inc., 134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (holding that claimant's failure to recover actual damages on a breach of contract claim foreclosed recovery of attorney's fees). Attorney's fees themselves do not constitute damages. See In re Nalle Plastics Family Ltd. Partnership, 406 S.W.3d 168, 173 (Tex. 2013)("While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make the claimant whole, they are not, and have never been, damages."). Plaintiffs have neither asserted nor proved any actual damages resulting from Defendant's refusal to participate in the appraisal process. Thus, even assuming that Plaintiffs could be characterized as a party who prevailed on a breach of contract claim with respect to compelling appraisal, there is still no basis for awarding Plaintiffs attorney's fees. Therefore, Plaintiffs' request for attorney's fees will be denied.


### III. Conclusions and Order

For the reasons stated above in § III.A, Defendant is **ORDERED** to participate in the appraisal process.

For the reasons stated above in § III.B, this action is **ABATED** pending notification from the parties that the appraisal process has been completed.

For the reasons stated above in § III.C, Plaintiffs' request for attorney's fees is **DENIED**.

10

Plaintiffs' Motion to Compel Appraisal and Abatement, Docket Entry No. 3, is **GRANTED**.

The June 20, 2024, initial pretrial and scheduling conference is **CANCELED**.

The parties shall submit a joint status report on Friday, July 26, 2024, and every sixty (60) days thereafter,

**SIGNED** at Houston, Texas, this 22nd day of May, 2024

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE